IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sally K. Favaloro, | ) | Case No.: 4:21-cv-1698-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Florence County, Lucas James Asper, and | ) | |
| | ) | |
| Michael Montgomery Shetterly, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation") (DE 43), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]   Plaintiff Sally K. Favaloro ("Favaloro" or "Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 related to Florence County litigation policies and the dismissal of a separate lawsuit she filed against McLeod Regional Medical Center in 2017.  (DE 1.)  The magistrate judge issued the Report on October 12, 2021, recommending this action be dismissed with prejudice.  (DE 26.)  For the reasons stated below, the Court adopts the Report and Recommendation, incorporates it herein, and dismisses Plaintiff's Second Amended Complaint.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

**PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Plaintiff Favaloro filed a complaint and subsequent amended complaints asserting claims pursuant to 42 U.S.C. § 1983. (DE 1-5; DE 29.) Favaloro alleged Judge Brown and attorneys Asper and Shetterly wrongfully ended her state court lawsuit and prevented her from filing a subsequent petition or complaint or taking any other actions to oppose Defendants' actions. (DE 29.)[2] Specifically, regarding Asper and Shetterly, Favaloro alleged the following:

> Asper and Shetterly (together "State Actors") are state officers sued in their personal capacities. In April 2018, State Actors found Plaintiff's Complaint to be fully correct and meticulously documented. They agreed to wrongfully remove the Complaint from court records, and end the Lawsuit, by state officer Brown's signing Asper Shetterly prepared documents and performing Asper-Shetterly directed duties. Specifically, Asper and Shetterly directed Brown to: sign a 26-page document, initialing each page, falsely claiming to dismiss with prejudice Plaintiff's Complaint; and sign a 3-page document falsely claiming to dismiss with prejudice, and strike from the record, Plaintiff's First Amended Complaint; and violate state and local rules for motions, hearings, and mediations. In all these duties, Brown performed as Asper and Shetterly directed.

(DE 29, ¶ 18.) Furthermore, Favaloro listed numerous Florence County policies she claimed deprived her of rights. (Id.)

The magistrate judge issued the First Proper Form Order on July 7, 2021 (DE 12), identifying deficiencies in Favaloro's Complaint and giving her leave to amend to cure the defects. (DE 12.) On July 16, 2021, Favaloro file a Motion to Amend Complaint (DE 17), which the Court directed the clerk to file as a response to the First Proper Form Order and advised Favaloro that her response still did not comply with the First Proper Form Order (DE 18). On August 23, 2021,

---

[2] Plaintiff's Second Amended Complaint was the last timely amended complaint filed and will hereafter be cited to for Plaintiff's allegations.

the magistrate judge issued a Second Proper Form Order notifying Favaloro that her Complaint was subject to summary dismissal because she failed to allege sufficient facts to state a claim and gave her leave to amend her complaint or otherwise cure the identified deficiencies in her pleadings. (DE 26.) On September 9, 2021, Plaintiff filed a Second Amended Complaint. (DE 29.) The magistrate judge issued a Third Proper Form Order on September 10, 2021, giving Favaloro until October 1, 2021, to cure identified deficiencies. (DE 36.) Favaloro filed an untimely Third Amended Complaint on October 5, 2021. The magistrate judge issued the Report and Recommendation on October 12, 2021, recommending this action be dismissed with prejudice because (1) Favaloro failed to correct the deficiencies in her Complaint after she was given opportunities to correct the defects, and (2) her Second Amended Complaint failed to state a claim that falls within the court's jurisdiction. (DE 43, p. 6.)

## DISCUSSION

On October 29, 2021, Favaloro filed a Fourth Amended Complaint that included objections to the Report. (DE 47.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere

restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds many of Favaloro's objections are non-specific or not dispositive and/or at the heart of the parties' dispute.[3] However, the Court has identified the following specific objections to the Report: (1) there is no "magistrate jurisdiction" or assignment over her case; and (2) the magistrate judge misrepresented the law in Lugar v. Edmonston Oil Co., 457 U.S. 922 (1982). (DE 47, pp. 16, 23, ¶ 15.6.) The Court addresses these objections *seriatim*.

First, Favaloro makes numerous objections premised upon the claim that the magistrate judge does not have jurisdiction or there was no "magistrate assignment" over her case.[4] (DE 47, pp. 16-21, 22-24, ¶¶ 15, 15.1, 15.6, 15.8, 15.9.) However, 28 U.S.C. 636(b)(1)(A) expressly authorizes a "magistrate judge to hear and determine any pretrial matter pending before the court" with a few exceptions, which do not apply to the current case. 28 U.S.C. 636(b)(1)(A). Furthermore, Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina mandates that a magistrate judge shall be assigned "all pretrial proceedings involving litigation by individuals proceeding *pro se*" upon filing. Local Civil Rule 73.02(B)(2)(e), D.S.C. Therefore, because the

---

[3] Specifically, Plaintiff's claims in Docket Entry 47, pp. 15-16, ¶¶ 10-10.2, pp. 22-23, ¶¶ 15.2-15.5, 15.7, are deemed non-specific or not dispositive and/or at the heart of the parties' dispute. Additionally, Plaintiff objects because the magistrate judge is likely to be called as a material witness in the proceeding because "without any jurisdiction or assignment [she] . . . self-initiated and conducted an independent investigation . . ." and "now has personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." (DE 47, pp. 23-24, ¶ 15.8.) This objection is meritless and overruled.

[4] The Report and previous orders inadvertently refer to 28 U.S.C, § 1915A (DE 26, p. 6) and 28 U.S.C. § 636(b)(1)(B) (DE 26, p. 1; DE 43, p. 1,) which apply to cases brought by prisoners.

magistrate judge has jurisdiction over the case and the matter was properly assigned, Favaloro's objections premised on a lack of jurisdiction by the magistrate judge are overruled.

Second, Favaloro objects to the Report, claiming the magistrate judge "exactly misrepresented the law" when citing to Lugar v. Edmonston Oil Co., 457 U.S. 922, 940 (1982). (DE 47, Sect. 15.6.)  The magistrate judge cites to Lugar to support the premise "Plaintiff's complaint fails to present an issue for the court to consider as Asper and Shetterly are private attorneys[,] and therefore[,] their conduct is not actionable under § 1983." (DE 26, p. 4.)  Favaloro claims Lugar holds "where a plaintiff is deprived of constitutional rights in state court upon a state rule of procedure, invoked by private party attorney defendants and alleged unconstitutional by plaintiff, the defendants were acting under color of state law and their conduct is actionable under 42 U.S.C. § 1983." (DE 23, ¶ 15.6.)  Although the Supreme Court in Lugar laid out a framework for an exception whereby private actors *may* be considered a "state actor" for purposes of a § 1983 action, Favaloro's Second Amended Complaint misses the mark.  Instead, Favaloro merely identifies Asper and Shetterly as "state actors[]" (DE 28, ¶18) without alleging their role, occupation, employer, or any other information to support why they should be considered state actors.  See Lugar, 457 U.S.C. at 2753-54.  Therefore, Favaloro fails to sufficiently allege Asper and Shetterly's conduct is actionable under § 1983, and this objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.  Plaintiff was given multiple opportunities to amend her Complaint and cure her defects, and she consistently failed to cure theses identified deficiencies.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 9, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.